IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT ALAN DIXON, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 22-1437 |
| | ) | |
| MARTIN O'MALLEY,<br>*Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |

O R D E R

AND NOW, this 22nd day of March, 2024, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)). *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

[1] As far as the Court can deduce, much of Plaintiff's argument essentially constitutes a request for the Court to reconsider the evidence and find that the Administrative Law Judge

("ALJ") erred in finding him not to be disabled. However, the Court emphasizes at the outset that, if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently. *See Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)); *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986); *Berry*, 738 F. Supp. at 944 (*citing Cotter*, 642 F.2d at 705). Moreover, "[t]he presence of evidence in the record that supports a contrary conclusion does not undermine the [ALJ's] decision so long as the record provides substantial support for that decision." *Malloy v. Comm'r of Soc. Sec.*, 306 Fed. Appx. 761, 764 (3d Cir. 2009). Here, more than substantial evidence supports the ALJ's determination.

That said, the Court will address a few contentions contained in Plaintiff's brief in a bit more detail. Plaintiff argues that, because his claim was initially filed prior to January 17, 2017, the ALJ erred in applying the newer version of Listings 12.04, 12.06, 12.07, and 12.08, 20 C.F.R. Part 404, Subpart P, Appendix 1, at Step Three of the sequential analysis. The record is clear that, after this case had been remanded to the Commissioner by this Court on February 12, 2019, the ALJ applied the version of Listings 12.04, 12.06, 12.07, and 12.08 as they existed after being amended in 2017. Plaintiff contends that, in so doing, he improperly retroactively applied the newer version of the regulations. For several reasons, this argument has no merit.

The Social Security Administration ("SSA"), when it amended the mental disorder listings, expressly indicated that the amended rules would apply both to new applications filed on or after the effective date and to claims that were pending on or after the effective date. *See* 81 Fed. Reg. 66138-01 (Sept. 26, 2016). In so stating, the SSA specifically clarified that "[i]f a court reverses our final decision and remands a case for further administrative proceedings after the effective date of these final rules, we will apply these final rules to the entire period at issue in the decision we make after the court's remand." *Id.* at 66138 n.1. According to the SSA, therefore, the amended rules were correctly applied to Plaintiff's case when it was remanded back to the Commissioner. To the extent Plaintiff suggests that this constitutes some kind of improper retroactive application, he sets forth no concrete argument in support of the same. *See Hyer v. Colvin*, No. CV 15-297-GMS, 2016 WL 5719683, at *11 (D. Del. Sept. 29, 2016) ("'It is not enough merely to present an argument in the skimpiest way, and leave the Court to do counsel's work – framing the argument, and putting flesh on its bones through a discussion of the applicable law and facts.'") (quoting *Ve Thi Nguyen v. Colvin*, No. C13-882, 2014 WL 1871054, at *2 (W.D. Wash. May 8, 2014)).

Plaintiff alternatively argues that the ALJ erred in finding that he did not meet the requirements of subpart C of Listings 12.04, 12.06, 12.07, and 12.08. In so arguing, he claims that "the evidence shows that [he] relies on an ongoing basis upon medical treatment, mental health therapy and psychosocial support in a highly structured setting to diminish his symptoms and signs of his mental disorders," citing his allegation that he is unable to function outside of his home without his mother's help. (Doc. No. 12, p. 26). However, even assuming that such a situation would constitute the need for a "highly structured setting" as anticipated in the listings, which it almost certainly does not, the ALJ expressly found Plaintiff's claims of being unable to function outsider of the home without his mother's help to be not wholly consistent with the

record evidence, including his limited and conservative treatment history and unremarkable mental status examinations. (R. 792-94). This finding was more than supported by substantial evidence.

Plaintiff further contends that the AL erred in finding him capable of performing light exertional work when no physician specifically found him able to perform such work, citing *Doak v. Heckler*, 790 F.2d 26 (3d Cir. 1986). However, as this Court has explained many times, "[t]he ALJ – not treating or examining physicians or State agency consultants – must make the ultimate disability and RFC determinations." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011). *See also* 20 C.F.R. §§ 416.927(d)(2), 416.946(c); SSR 96-5p, 1996 WL 374183 (S.S.A.) (July 2, 1996). Simply put, "[t]here is no legal requirement that a physician have made the particular findings that an ALJ adopts in the course of determining an RFC." *Titterington v. Barnhart*, 174 Fed. Appx. 6, 11 (3d Cir. 2006). *See also Chandler*, 667 F.3d at 362 (holding that each fact incorporated into the RFC need not have been found by a medical expert). As the Circuit Court explained in *Titterington*, "[s]urveying the medical evidence to craft an RFC is part of an ALJ's duties." 174 Fed. Appx. at 11. Accordingly, an ALJ is not prohibited from making an RFC assessment even if no doctor has specifically made the same findings. *See Hayes v. Astrue*, Civ. No. 07-710, 2007 WL 4456119, at *2 (E.D. Pa. Dec. 17, 2007). The short opinion in *Doak* addressing a specific sets of facts does not suggest otherwise. Here, the ALJ generously found Plaintiff to be limited to light work after considering all of the record evidence and sufficiently explained his basis for so finding.

Plaintiff's remaining arguments are of no merit and require little discussion. For example, Plaintiff asserts that the ALJ failed to consider the July 14, 2017 opinion of Lindsey Groves, Psy.D., including her diagnosis of obsessive compulsive disorder ("OCD") (R. 404-15). However, the ALJ actually discussed Dr. Groves' opinion throughout the decision, including the fact that she diagnosed Plaintiff with OCD. (R. 791, 794, 796). In fact, he found OCD to be one of Plaintiff's severe impairments. (R. 790). Similarly, Plaintiff argues that the ALJ failed to evaluate the opinion of Donald E. Cramer, CRNP (R. 451-52). However, as the Commissioner points out, CRNP Cramer did not really offer an opinion as to Plaintiff's functional capacity. To the extent Plaintiff is arguing that the global assessment of functioning ("GAF") score of 41 assessed by CRNP Cramer on October 6, 2016 constitutes an opinion, the ALJ expressly discussed Plaintiff's GAF scores, which ranged from 41 to 70. (R. 796-97). Plaintiff further suggests that the ALJ failed to consider his need for a structured environment; as discussed above, the ALJ did consider this issue, and substantial evidence supports his finding that Plaintiff required no such environment.

Plaintiff also asserts that the ALJ erred in not discussing the opinions of state reviewing agent Timothy Ostrich, Psy.D., and of William Bush, Ph.D., his treating psychiatrist. However, Dr. Ostrich specifically found no medically determinable impairments and found the evidence to be insufficient to evaluate the severity of Plaintiff's functional limitations resulting from mental health impairments due to his failure to cooperate. (R. 100). Plaintiff argues that, regardless, the ALJ should have discussed how Dr. Ostrich recognized that Plaintiff claimed to be afraid to leave the home without his mother and had paranoia, anxiety, and OCD that prevented work. (R. 99). This, though, was not an opinion, but merely a statement of Plaintiff's allegations. As to

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 11) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 15) is GRANTED as set forth herein.

s/Alan N. Bloch
United States District Judge

ecf: Counsel of record

---

Dr. Bush's opinion (R. 389-95), it was offered on March 28, 2011, over three years before the application date and in connection with a prior SSI claim. Such evidence was clearly not relevant to a determination as to whether Plaintiff was disabled as of May of 2014. *See Hill v. Colvin*, No. 14-922, 2015 WL 5709028, at *3 (W.D. Pa. Sept. 28, 2015).

As noted above, Plaintiff primarily asks the Court to reweigh the evidence, which it cannot do. The ALJ considered the combined effect of all of Plaintiff's symptoms (R. 791, 793), and his decision is consistent with the governing law and supported by substantial evidence. The Court therefore will affirm.